(No. 24498.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY FILAS, Plaintiff in Error.

*Opinion filed June 15, 1938.*

Wm. Scott Stewart, for plaintiff in error, on review.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Blair L. Varnes, of counsel,) for the People.

Mr. Justice Wilson delivered the opinion of the court:

Harry Filas was convicted in the criminal court of Cook county of the crime of robbery and of being an habitual criminal and was sentenced to imprisonment in the penitentiary for life. He sued out this writ of error to review the judgment.

The evidence on behalf of the People discloses that about 9:50 o'clock on the night of March 17, 1936, a man, identified as the defendant, entered a gasoline service station of the Standard Oil Company at 255 West Garfield boulevard in Chicago, ordered Raymond Voels, the attendant, into a washroom and took from him $16, the property of the Standard Oil Company. The station was very well lighted at the time. The defendant was at the station for about two minutes and Voels faced him at close range. Voels testified that on October 6, 1935, in the day time, he saw the defendant for three or four minutes at another gasoline

service station of his employer, and again for about a minute on December 15, 1936, at the same place, when the defendant committed robberies. Voels testified that altogether he saw the defendant eight different times. He identified the defendant in a group of other persons both on March 31 and April 1, 1936. It was stipulated that the criminal court records disclose that the defendant, in 1932,.entered a plea of guilty to a charge of grand larceny for which offense he was sentenced to the State reformatory.

The defendant, his mother, sister and three other persons, Rose Fiatte, Gladys Ramsdorf and Winslow Abbott, all testified that a St. Patrick's Day party was held by the persons named at the home of the defendant and his mother on the night of March 17, 1936. The defendant, his mother and sister each testified that the defendant arrived home from work about 6:00 o'clock on the date in question, and all of the witnesses mentioned, testified that the guests arrived·between 8:00 and 9:00 o'clock, and that the party lasted until about midnight. The defendant, his mother and sister each testified that the defendant was not out of the house on the night in question, and the three guests testified that he was not absent during the time they were present in his home.

The briefs and arguments in this case and in *People* v. *Filas, ante,* p. 51, were prepared on the theory that the two cases, (upon a motion to be made for that purpose,) would be consolidated for consideration by this court. The legal questions and the arguments in the two cases are identical and cover all the questions collectively in both cases as if they were one case. The two cases, however, involve different crimes, charged to have been committeed by the defendant, and are in no way related to each other. (*People* v. *Filas, ante,* p. 51.) The two cases could not properly be considered as one and only questions involved in this case will be considered in this opinion.

It is contended that it was error for the chief justice of the criminal court to transfer this case to another judge

for trial after the jury was selected and sworn. The record discloses that the transfer was made with the approval and consent of the defendant and his counsel. At the time of the transfer the trial judge to whom the case was transferred inquired if the jury had been selected and both sides answered in the affirmative. Thereupon the court swore the jury to try the issues. No evidence previously had been presented. If there was any error in the transfer of the case (which is not necessary to be decided) it was invited by the defendant and he must accept the results. *Kellner* v. *Schmidt,* 328 Ill. 426; *People* v. *Zimmer,* 238 id. 607; *Sheridan* v. *City of Chicago,* 175 id. 421.

Police officer Andrew Cannon on direct examination testified that on March 31, 1936, at the time of the defendant's arrest, the latter was riding in a Ford coupe, 1929 model, with a tan top, belonging to the defendant's mother. The defendant at that time informed the officer who he was and stated that he was on parole. On cross-examination the defendant's attorney inquired how the officer came to make the arrest. The assistant State's attorney then stated to the court, out of the presence of the jury, "Something might come out here that counsel is not looking for, I just want to warn him." The question was withdrawn but subsequently the defendant's attorney asked the officer why he stopped the car, and the witness replied that on the day previous to the arrest he received information from a friend of both himself and the defendant that a tall, slim man driving a Ford coupe, with a tan top, bearing license number 988-216 had been "sticking up oil stations." When the defendant's attorney asked the name of the officer's informant the officer replied that it would not be fair to divulge the name. The assistant State's attorney objected to the witness being required to answer. The court stated to the defendant's attorney, "You were warned about asking that question, counsel, out of the presence of the jury. You went ahead anyway. I don't see how it is material in the solution of the issues." It is contended that it was error not

to permit an answer to the question. The latitude of the cross-examination of a witness is largely in the discretion of the trial judge. (*People* v. *Strutynski,* 367 Ill. 551; *People* v. *Gasior,* 359 id. 517.) The inquiry was not further pursued and nothing thereafter occurred on the trial to indicate that the defendant's attorney believed that any fact had been suppressed which would weaken the case for the People or support the evidence on behalf of the defendant. There was no prejudicial error in the ruling of the court.

The defense was an alibi. As stated, three members of the defendant's family and three other witnesses testified that the defendant was at home on the evening and night of March 17, 1936. Certain of the witnesses testified that they were friends of the Filas family and had visited their home on other occasions, but their recollections as to the dates of their other visits were not as clear as they were of the date of the party which they attended on the night of the robbery. Though there were minor discrepancies in the testimony on behalf of the defense nothing appears in the record to cast suspicion upon the good faith or honesty of the three disinterested witnesses for the defendant. On the other hand the testimony of the complaining witness was positive. He testified that he had seen the defendant eight times, and there is nothing in the record to indicate that he was not a credible witness. The jury had an opportunity, not afforded this court, of seeing the witnesses on both sides, listening to their testimony and observing their conduct and demeanor while testifying. In such a case it is not within the sphere of this court to set aside the verdict. (*People* v. *Manfucci,* 359 Ill. 69; *People* v. *Kelley,* 330 id. 562; *People* v. *Jones,* 310 id. 275; *People* v. *Martin,* 304 id. 494.) Where the evidence is conflicting the questions of the credibility of the witnesses and the weight of the evidence are for the jury. (*People* v. *Deal,* 361 Ill. 225; *People* v. *Stella,* 344 id. 589; *People* v. *Manfucci, supra.*) Even

though the identification is by only one witness, if the testimony is positive and the witness credible, the same rule prevails. (*People* v. *LeMar*, 358 Ill. 58; *People* v. *Fortino*, 356 id. 415; *People* v. *Schanda*, 352 id. 36; *People* v. *Gasior, supra; People* v. *Stella, supra.*) Voels positively identified the defendant. The conviction, however, does not rest upon a single view of the defendant by the complaining witness when the crime was committed. Circumstances and testimony of probative value support the testimony of the eye-witness. That witness had seen and observed the defendant many times. Where the defense is an alibi evidence of the defendant's identity, even in the commission of another crime, is relevant to defeat the hypothesis of non-identity or to rebut the evidence tending to prove an alibi. (*People* v. *Stathas*, 356 Ill. 313; *People* v. *Hall*, 308 id. 198; *People* v. *Filas, supra.*) The testimony of the police officer that Voels identified the defendant from among others, in the defendant's presence and hearing, was of an independent character, and admissible. (*People* v. *Stella, supra.*) The information given the police officer on March 30, 1936, afforded him reasonable ground for believing that the person who drove the automobile heretofore described and bearing the license number mentioned, was implicated in the crime. (*People* v. *Kissane*, 347 Ill. 385; *People* v. *Swift*, 319 id. 359.) The officer made the arrest and the person arrested proved to be the defendant.

That the defendant was an habitual criminal, under the statute, was sufficiently proved. (Ill. Rev. Stat. 1937, chap. 38, par. 602, p. 1176; *People* v. *Scudieri*, 363 Ill. 84.) There is no reversible error in the record and the judgment of the criminal court is affirmed.

*Judgment affirmed.*