(No. 31451.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GLEN R. THOMPSON, Plaintiff in Error.

*Opinion filed May 18, 1950—Rehearing denied September 18, 1950.*

CLARENCE B. DAVIS, and THOMAS W. HOOPES, both of Springfield, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, and GEORGE P. COUTRAKON, State's Attorney, both of Springfield, (LAWRENCE SWINYER, of Springfield, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

An information filed in the county court of Sangamon County charged the defendant "did unlawfully and willfully keep and maintain a house of ill fame and place for the practice of prostitution and lewdness * * *." A jury found him "guilty of keeping a house of ill fame in the manner and form as charged in the information * * *," and fixed his punishment at the maximum, one year imprisonment and a $200 fine. On writ of error the Appellate Court, Third District, affirmed the judgment, and the case is here on a similar writ. The defendant admits in his brief that the charge laid against him in the information was proved from the evidence to be true, and the jury properly found him guilty of that charge.

The evidence was not abstracted for the Appellate Court, or for this court, and no issue is presented as to the improper admission thereof.

The information was predicated on section 57 of division I of the Criminal Code. (Ill. Rev. Stat. 1947, chap. 38, par. 162.) At the request of the People the trial court gave this instruction to the jury: "The court instructs the jury in the language of the statute that whoever keeps or maintains a house of ill fame or place for the practice of prostitution or lewdness, or whoever patronizes the same, or lets a house, room, or other premises for such purpose, or shall keep a common, ill-governed and disorderly house to the encouragement of idleness, gaming, drinking, fornication, or other misbehavior, shall be guilty of keeping a house of ill fame."

Defendant endeavors to make the following points: (1) Even though there be no evidence of offenses other than the one charged in the information, the giving of the instruction was error because it would not be based on the evidence; (2) the fact that the evidence did show defendant to be guilty of the charge did not prevent the giving of the instruction from being reversible error, because it in effect informed the jury that the People did not have to prove him guilty of the offense charged beyond a reasonable doubt, but that it could find him guilty if it believed other offenses set forth in the instruction were proved beyond a reasonable doubt. In support of the first point, he cites *People* v. *Rongetti,* 331 Ill. 581. Rongetti was charged with murder by abortion. Instruction 2 for the People was stated in the language of the statute, and it instructed the jury not only as to what constituted the crime of abortion but also as to the crime of attempted abortion. We held there was no evidence in the case touching upon the crime of attempted abortion and the jury should have been instructed only concerning the crime with which defendant stands charged. We said the in-

struction should not have been given, but did not say the giving of it constituted reversible error when considered unconnected with other assignments of error which were also sustained. There are material differences between the instant case and the *Rongetti case* which keep the latter from being anywise persuasive here. Assuming, for the purpose of discussion, defendant's assertion that section 57 defines eight separate offenses is true, we find the punishment to be meted out is the same for each offense, a maximum of one year imprisonment and a fine not to exceed $200. The offense of murder by abortion and that of attempted abortion, being crimes of different character, necessarily entail different penalties. Furthermore, Rongetti, on his appearance in this court, did not admit, as does the defendant, that the evidence produced by the People warranted the jury in finding it proved him guilty as charged. The questions Rongetti presented to this court, when answered, had a profound bearing, not only upon whether he was guilty or innocent of the charge, but also upon whether he had received a fair trial under the law. Here, the defendant asks this court to determine a question which does not have any relation to whether he was guilty or innocent of the charge laid in the information, and does not on the record have any relation to whether he received a fair trial. He does not show how the giving of the attacked instruction in anywise adversely influenced the jury against him. Suppositious circumstances cannot be the foundation upon which to assign error for the purpose of securing a reversal of a judgment in this court.

The other case relied upon is *People* v. *Stanko*, 402 Ill. 558, wherein the defendant was indicted, and tried, for the crime of attempted abortion. An instruction given on behalf of the People defined the crime of abortion, and not that of attempted abortion. The People believed the erroneous instruction did not mislead, because the indictment and another given instruction informed the jury the charge

was attempted abortion. We held that the law requires a jury to be instructed only about the crime charged, and the giving of an instruction defining a different offense is not cured by the giving of an accurate one, because it cannot be shown whether the jury followed the correct or erroneous instruction.

The instruction complained of in this case should not have been given. It contained too much. Had it only stated, "Whoever keeps or maintains a house of ill fame or place for the practice of prostitution or lewdness * * * shall be guilty of keeping a house of ill fame," it would have been correct and sufficient in respect to the charge laid against defendant. However, the fact that the remainder of the instruction should not have been given does not cause the instruction to fall within the scope of the rule stated in the *Stanko case*. We know in this case the instruction did not mislead the jury, because the verdict is clearly responsive to the charge in the information; of that charge it found him guilty and of no other offense defined in section 57. In so far as the instruction is concerned, the charge and the verdict, when considered together against the background of the balance of the record, furnish ample evidence that the defendant received that fair and impartial trial the law declares every person charged with a crime is entitled to have.

Further evidence that the instruction did not harm the defendant is found in the admission contained in the briefs that defendant has been tried before on this charge with the questioned instruction given to that jury. The defendant was found guilty of the charge by that jury. In the Appellate Court on the previous appearance, the People confessed error because the jury had not fixed the punishment in its verdict. The record of the last trial is before us and examination of the evidence produced by the People was confined to the proving of the charge in the information and of no other. The defendant is guilty beyond

any reasonable doubt. In fact there is no doubt, and he could not obtain a verdict in his favor on another trial except by a gross miscarriage of justice. We will not reverse an obviously correct judgment for the mere purpose of trying to produce a better record. The jury was fully, fairly and accurately instructed on the whole; the harmless error in the instruction complained of does not justify a reversal of the judgment. (*People* v. *Westrup,* 372 Ill. 517; *People* v. *Zalapi,* 321 Ill. 484.) The judgment of the Appellate Court, Third District, affirming the judgment of the county court of Sangamon County, is affirmed.

*Judgment affirmed.*