(No. 31721.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL VITI, Plaintiff in Error.

*Opinion filed January 18, 1951.*

FERLIC & GANNON, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and JAMES A. BROWN, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Michael Viti, was jointly indicted with his wife, Louise Viti, in the criminal court of Cook County. The indictment was in two counts, one charging armed robbery, and the other, robbery without arms. Motion for severance was granted and Viti was tried before the court without a jury, jury having been waived. The court found him guilty of armed robbery and the other count was *nolle prossed*. Motions in arrest and for new trial were overruled and judgment was entered on the finding with sentence to the penitentiary for a term of from twenty to thirty years.

The errors assigned are, in substance, that (1) the defendant was not proved guilty beyond a reasonable doubt; (2) it was error to admit defendant's confession because it was involuntary; (3) the punishment was excessive; and (4) the court erred in the admission and exclusion of evidence.

The facts as disclosed by the record are as follows: On December 23, 1948, around 2:30 P.M., the complaining wit-

ness, Stephen Golden, was making deliveries in the course of his employment by Consolidated Deliveries, Inc. As he was making a delivery to a house at 2237 Kalin Avenue, in the city of Chicago, he was confronted by an armed man wearing sunglasses and a heavy beard, who demanded and robbed him of his money and then ordered him into his truck. The robber got in with Golden and ordered him to drive into an alley nearby, and when he reached a vacant lot the robber made him lie down on the floor of the truck. As the robber left, Golden followed and observed a 1937 Ford car in the alley in which there was a woman and a small baby. Golden told the woman that he had been held up and asked her to run down the robber. She drove the car toward the robber who jumped on to the car and it proceeded down the alley where, in making a turn, the car ran into a garage. The robber jumped off, losing his sunglasses, and ran through a yard and shortly after returned. Golden was following and when the car hit the garage and stopped, he took down its license number. He notified the police and four days later went to the Lawndale station and picked out the picture of Viti as being the man who robbed him. The car was found parked without license plates on West Polk Street about January 9, 1949. From a city vehicle tag the ownership of the car was traced to Louise Viti, defendant's wife. Police arrested Viti on January 13, and about 7:30 P.M., Golden identified him from a line-up of four or five men as being the robber. Later that night Viti made and signed a written confession which substantially follows the account given of the robbery by Golden. On the trial, Golden identified defendant's wife, Louise Viti, as being the woman driving the car in the alley at the time of the robbery. Viti was not arraigned until the Monday following his arrest and confession on Thursday, January 13, 1949, a space of four days.

In defense, defendant and two women witnesses testified that on the date of the robbery they, with Viti's step-

daughter, six years old, went to the Paradise Theatre, arriving there at about 2:00 P.M., and that Viti and the child went in and saw the show; that due to the sudden illness of one of the women as they reached the show, they did not enter the theatre.

The defendant first contends that he was not proved guilty beyond a reasonable doubt. The substance of this contention is that his identification is vague, uncertain and doubtful and that a conviction cannot rest on such identification. He cites *People* v. *Gold,* 361 Ill. 23, and *People* v. *Burr,* 356 Ill. 452, with other cases where this court has laid down the rule that in order to support a conviction, the identity of the accused as being the perpetrator of the crime charged must be established beyond a reasonable doubt. There can be no question as to this being a correct proposition of law, but the question presented here is whether the evidence of identity satisfies this rule in the instant case.

Golden's testimony is that he was confronted by a man wearing sunglasses and a heavy beard at 2:30 in the afternoon; that he observed him at the time of the robbery for a space of some ten seconds before they got into the truck; that he observed the side of the robber's face in the truck and again observed him from the front for about ten seconds before he left the truck. Golden also testified that he had seen the same man prior to the robbery on November 9, 1948; that four days after the robbery he picked out Viti's picture as being that of the robber, and on the date of the arrest he picked out Viti from a line-up of four or five men in the police station. Tending to support the identification is the undisputed fact that Viti's wife and car were at the scene of the robbery.

The evidence of alibi is in direct conflict with the evidence of guilt and the solution of that conflict rests squarely on the credibility of Golden as against the alibi witnesses. Where, as here, a jury is waived, the credibility of wit-

nesses and the weight to be given their testimony is for the trial court who saw and heard the witnesses testify. (*People* v. *Nichols*, 378 Ill. 487; *People* v. *Langer*, 384 Ill. 608.) The testimony of one witness, if positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused. (*People* v. *Thompson*, 406 Ill. 555.) Here, Golden had ample opportunity to observe the robber, and his identification of the defendant and his wife as being involved in the robbery was both positive and credible, in view of the surrounding facts.

To support the conclusion reached by the court below is defendant's written confession which corroborates Golden's testimony in every substantial detail. Defendant contends it was error to admit that confession in evidence, for the reason that it was extracted from him by methods of brutality. Defendant testified the confession was elicited only after he had been beaten and hung by his hands handcuffed together from about eight o'clock P.M. to three A.M. the next morning. He also testified that when taken down his hands were so swollen and numb that he had no use of them. The police officers denied the use of force or coercion and testified the confession was completed and signed by eleven thirty P.M. Defendant first testified that he was not asked any questions but was presented with the confession already prepared and told to sign it. On cross-examination he admitted that was not true and that he answered the questions. He also admitted that at the time he claimed his hands were swollen beyond use he wrote his signature at least eighteen times on the various sheets and copies of the confession.

The confession so closely corroborates the story told by Golden that it would appear impossible for the police to have prepared it in advance without having a detailed account of the robbery. It appears in evidence that Golden had not given such an account to the officers who took defendant's confession.

In substance, the claim of the use of force and coercion presents a direct and irreconcilable conflict between the testimony of defendant and the officers. While a confession is competent evidence only when voluntarily made, the question of competency is for the trial court and the court need not be convinced beyond a reasonable doubt of its voluntary character; and the decision of the court on that question will not be disturbed unless manifestly against the weight of the evidence. *People* v. *Weber,* 401 Ill. 584; *People* v. *Albers,* 360 Ill. 73.

The defendant's contention that he was denied the right to call the jail physician to testify to marks of the alleged brutality upon his hands is not borne out by the record. The court was not asked for time to obtain this witness and when it was stated that the witness was not present, the court directed the defense to get him. The defense did not do so and proceeded without further comment or request for time or assistance in obtaining his attendance.

The contention that the defendant was held *incommunicado* for four days before being arraigned has no bearing on the confession, for the reason that the confession was obtained within a few hours after the arrest and his detention thereafter was, by defendant's own admission, not attended with any mistreatment by anyone. Detention without process is not of itself enough to render the confession inadmissible. (*People* v. *Lazenby,* 403 Ill. 95.) There is no decisive similarity between this case and *People* v. *Thomlison,* 400 Ill. 555, or the Federal cases cited by defendant.

The defendant also contends the punishment was excessive. This contention is based first on a remark of the State's Attorney that defendant was paroled from a previous sentence on September 13, 1946. It was stipulated that defendant was previously convicted of armed robbery in the criminal court of Cook County on May 13, 1943, and sentenced to the penitentiary. There was no objection

made to the remark of the State's Attorney regarding parole and the point is raised here for the first time. We are unable to see how the remark could prejudice defendant, in view of the stipulation of his prior conviction and, no objection having been made on the trial, it is too late here. It is not the purpose of the reviewing court to determine whether the record is perfect, but to determine whether the defendant has had a fair trial and whether his conviction is based upon competent evidence establishing his guilt beyond a reasonable doubt. (*People* v. *Davis,* 406 Ill. 215.) There is no reversible error in this regard.

The contention that the punishment is excessive because the State's Attorney recommended a sentence of from ten to twenty years is without merit. The punishment imposed was well within the limits prescribed by law and no authority is cited or found which holds that the trial court is bound by the recommendation of the State's Attorney in regard to sentence.

We are of the opinion the judgment below is correct, and it is affirmed.

*Judgment affirmed.*