(No. 32029.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES RENALLO, Plaintiff in Error.

*Opinion filed November 27, 1951.*

THOMAS J. KILROY, and STEPHEN LEE, both of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and WILLIAM J. McGAH, JR., all of Chicago, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, James Renallo, and two others, were indicted in the criminal court of Cook County for robbery. Defendant pleaded not guilty and waived a trial by jury. He was tried separately, found guilty as charged, and sentenced to imprisonment in the penitentiary for a term of not less than three nor more than seven years. Renallo prosecutes this writ of error.

Spiegel, Inc., owns and operates a store at 6326 West Cermak Road, in the city of Berwyn. The store does not open until noon on Mondays. From the testimony of Dolores Driscoll, employed as a cashier, it appears that, on Monday, March 6, 1950, she and Miss Nearing were on duty at 11:00 A.M., when she saw Ethel Scholl, a third employee, enter the store, followed by two men, one of whom was carrying a gun. One of the strangers, identified as defendant, ordered the cashier to give him the money. The three women employees, in obedience to the command of the armed intruder, went into a washroom. A ladder was placed against it. When the employees came out of the washroom they checked the premises and found that

$168 belonging to Spiegel, Inc., had been taken from the cash drawer and that two purses, one of which contained $90 belonging to Ethel Scholl, were missing.

Thereafter, on April 5, 1950, at a review of persons under arrest, held at a police station, Dolores Driscoll identified defendant as one of the perpetrators of the robbery and, according to her testimony, Ethel Scholl also identified him. The witness testified that about ten minutes elapsed from the time she first saw defendant in the store and the time she was locked in the washroom. Police officer James Hajek, and Peter J. McGuire, a detective assigned to the commissioner of police, testified that both Ethel Scholl and Dolores Driscoll identified defendant in a "line-up" of five men on April 5, 1950, in their presence. Ethel Scholl did not testify upon the trial, having married in the meantime and moved away from Chicago.

Defendant denied participation in the robbery. He testified that, on the morning of March 6, 1950, he assisted Earl Burke in his cabinet shop located in the same building where he, defendant, lived; that he reported for work at 9:00 A.M., and remained until about 11:00 A.M.; that, about 11:15 A.M., accompanied by his wife and a friend of the latter, he went to the intersection of State and Van Buren Streets, in Chicago, but returned to Burke's shop in thirty or thirty-five minutes after his departure. Although Burke testified that he had known defendant four years, he stated that March 6, 1950, was the first day he had employed defendant. Burke testified, further, that the cabinet shop was in his spare bedroom; that defendant was in his presence from 9:00 until about 11:15 A.M. on the day named, and that he returned twenty-five or thirty minutes later. He said that he recalled the exact time because defendant had returned and was present when his (Burke's) children came home from school for their noonday meal. In rebuttal, officer McGuire testified that, on April 5, 1950, to an inquiry with respect to his employment, defendant

replied that he was an unemployed construction worker, and that he did not mention being in the employ of Burke.

Upon cross-examination, defendant testified that he was acquainted with one codefendant who lived across the street from his mother and that he occasionally saw the second codefendant, who was a relative.

Seeking a reversal of the judgment of conviction, defendant contends that the evidence is insufficient to show the existence of money in the control and presence of Ethel Scholl. Our attention is directed to the portion of the indictment charging defendant (and two others) with making an assault on March 6, 1950, on Ethel Scholl, and robbing, stealing, taking and carrying away from her $168 in money, in her care, custody and control, belonging to Spiegel, Inc., and, also, $90 of her own money. Ethel Scholl was but one victim of the robbery. Section 246 of division I of the Criminal Code (Ill. Rev. Stat. 1949, chap. 38, par. 501,) defines robbery as the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation. The gist of the offense, both at common law and under the statute, is the force or intimidation used in taking from the person of another, and against his will, property belonging to him or in his care, custody or control. (*People* v. *Kubish,* 357 Ill. 531.) Where, as here, property taken has been proved to belong to a particular owner, namely, Spiegel, Inc., and is taken from one charged with its custody, there is no variance or failure of proof, as the actual ownership of the property is unimportant, its possession by the victim being adequate for the purpose of establishing the crime of robbery. (*People* v. *Ficarrotta,* 385 Ill. 108; *People* v. *Kubish,* 357 Ill. 531; *People* v. *Daniels,* 354 Ill. 600.) A robbery and theft of $168 belonging to Spiegel, Inc., were proved. Dolores Driscoll was a victim and, as cashier, had at least partial care, custody and control of the money taken. We deem mere quibbling defendant's statement that "The wit-

ness [Dolores Driscoll] said the money was missing without saying that the money was ever there." If money was taken, and there is competent, credible testimony to the effect that it was .taken, in the presence of the three victims, including Dolores Driscoll who testified and Ethel Scholl named in the indictment, the money was necessarily in the store. Ethel Scholl's testimony would have been merely corroborative since defendant's guilt was proved beyond a reasonable doubt. Had she testified, a better record, no doubt, would have been made. Judgments in criminal cases are not reversed, however, solely to provide a better record upon another trial. *People* v. *Thompson,* 406 Ill. 323; *People* v. *Daniels,* 354 Ill. 600.

The defense interposed was an alibi supported by testimony of defendant and Burke. Alibi is an affirmative defense. Where the *corpus delicti* is proved, together with evidence tending to show the guilt of a defendant, the burden of establishing an alibi rests upon him, although upon the whole case his guilt must be proved beyond a reasonable doubt. (*People* v. *Kerbeck,* 362 Ill. 251.) The law has committed to the trial court, where a cause is tried by the court without a jury, the determination of the credibility of the witnesses and of the weight to be accorded to their testimony, and, where the evidence is merely conflicting, this court does not substitute its judgment for that of the trial court. *People* v. *Golson,* 392 Ill. 252; *People* v. *Kerbeck,* 362 Ill. 251; *People* v. *Martishuis,* 361 Ill. 178; *People* v. *Bolger,* 359 Ill. 58.

Defendant also attacks the testimony identifying him as one of the robbers. The testimony of Dolores Driscoll discloses that she had ample opportunity to observe defendant when he came into the store, with one hand in his pocket as if carrying a gun, and, also, when he demanded the money. In particular, she described the way he was dressed and said she could tell what he looked like. Later, she identified him in a "line-up" of five men. Her iden-

tification, according to two corroborating witnesses, as well as that of Ethel Scholl, according to the same witnesses, was positive. Where, as here, an identification is positive and the testimony credible, a judgment will not be reversed merely because there was only one identifying witness and a greater number of persons, including the defendant, testified that he was elsewhere when the crime was committed. *People* v. *Viti,* 408 Ill. 206; *People* v. *Bloom,* 370 Ill. 144; *People* v. *Filas,* 369 Ill. 78; *People* v. *LeMar,* 358 Ill. 58; *People* v. *Fortino,* 356 Ill. 415.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*