(No. 32515.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ROBERT ARBUCKLE, Plaintiff in Error.

*Opinion filed Nov. 20, 1952—Rehearing denied January 19, 1953.*

CHARLES A. BELLOWS, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and LESTER SHAPIRO, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The defendant, Robert Arbuckle, and two codefendants, Peter Smith and Jerome Schmidt, were indicted in the criminal court of Cook County for robbery. They pleaded not guilty and waived a trial by jury. They were tried, found guilty as charged, and sentenced to imprisonment in the penitentiary for terms of not less than two nor more than fifteen years. Arbuckle alone seeks a review of his conviction by this writ of error. His sole contention is that he was not proved guilty beyond a reasonable doubt.

Shortly after midnight on October 10, 1951, Nathan Susler was walking east on Addison Street toward Pine Grove Avenue in Chicago. He noticed three young men approaching him. One man was on the outside near the curb; the other two were near a building. As Susler passed the men, they turned and jumped on him from the rear. They knocked him down, kicked and struck his head, ripped open his coat, and took a notebook out of his pocket.

The police were called, and they took Susler to a hospital, where he was treated for a brain concussion, a fractured nose, and facial cuts. In the meantime, police officers Knutson and Stack were searching the vicinity for a 1937 Plymouth sedan. They approached the corner of Wellington and Broadway, where they saw such a car occupied by five young men, including Smith, Schmidt, and Arbuckle. The officers had the occupants step out and searched them for weapons. No weapons were found, but articles of clothing were found in the car. None of the men could explain where the clothing came from. Defendant Schmidt had blood on his shoes, the lower part of his trousers, and the front of his shirt. He explained that he had had a nosebleed.

The officers took the five men to the police station, and called upon Susler, who was still at the hospital, to make

identification. After ordering him to return to the hospital as soon as possible, Susler's doctor reluctantly permitted Susler to go to the police station. At the station Susler was shown five men. He identified only one, Peter Smith, although defendants Arbuckle and Schmidt were also present. Two weeks later, on October 25, Susler identified all three in the Boy's Court.

Defendant Arbuckle admitted he was the driver of the 1937 Plymouth automobile, but he denied attacking and robbing Susler. He testified that he had never left the automobile during that evening or early morning. On cross-examination he admitted he was in the vicinity of the robbery. He testified that he was riding around from 6:00 P.M. until 8:30 P.M. with Smith and Schmidt, that they then picked up two other youths and continued riding around until they were arrested; that he stopped the car quite a few times "and there was quite a bit of confusion;" that some members of the party got out of the car but that he did not, and that prior to the night in question he knew only one of his four companions, Schmidt. Schmidt and Smith also denied they were involved in the robbery.

The defendant's contention centers upon the proposition that his identification by Susler is insufficient to sustain the judgment of the criminal court. He argues that inasmuch as Susler did not identify him at the police station about an hour after the robbery, it is inconceivable that he could make a positive identification two weeks later in the Boy's Court and again upon the trial. This contention was also made before the trial court upon a motion to vacate the judgment and sentence. Officers Knutson and Stack testified for a second time at a hearing in support of that motion. They stated, as Susler had testified at the trial, that he identified only one of the defendants at the police station. Officer Knutson testified further that at the hearing in the Boy's Court Susler excluded two of the five youths who had been arrested, and then identified the

remaining three, one of whom was defendant Arbuckle, as his assailants. He did not, however, put his hand on Arbuckle, nor did he accuse Arbuckle by name.

Defendant's contention cannot be sustained. Susler, the complainant, positively identified defendant at the trial as one of his assailants, specifically as the one who jumped on him from the left and held him down. Upon cross-examination, Susler conceded that he had not noticed anyone except Smith at the police station the night of the robbery, but the circumstances surrounding this initial identification lessen the significance of that concession. About an hour after his brutal beating, Susler, at the request of the police and with the reluctant consent of his doctor, left the hospital and went to the police station. It was a cold night and he was cold and shivering. His topcoat was full of blood. He walked into the room with the aid of his wife, identified one of the men and then left. He was, according to officer Knutson, too weak to do anything further. Two weeks later, on October 25, Susler identified not only Smith but also Schmidt and the defendant. Susler's statement that he identified all three youths in the Boy's Court on October 25 was not disputed at the trial. Nor can it be said that the testimony at the hearing on the motion to vacate the judgment contradicted the fact of identification.

The credibility of the witnesses was for the trial judge to determine. He was not required to believe the defendant's improbable story; nor was he required to disbelieve Susler's identification because Susler identified only one of the youths at the police station. A trial judge or jury may believe an identification witness even though that witness failed to identify the subject at a preliminary hearing. (*People* v. *Maciejewski,* 294 Ill. 390.) Where, as here, an identification is positive and the testimony credible, a judgment will not be reversed merely because there was only

one identifying witness. *People* v. *Renallo,* 410 Ill. 372; *People* v. *Filas,* 369 Ill. 78.

At the trial several witnesses testified as to defendant's good character. Defendant concedes that his proof of good reputation is not proof of innocence, but he asserts that such evidence is not to be disregarded and may be sufficient to raise a reasonable doubt as to guilt. (*People* v. *De Suno,* 354 Ill. 387.) Where, however, the evidence is sufficient to show the defendant guilty beyond a reasonable doubt, a conviction will not be set aside because of proof of previous good character. *People* v. *Anderson,* 239 Ill. 168.

It cannot be said that the evidence here was insufficient to show defendant guilty beyond a reasonable doubt. The judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*