(No. 39300M.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RONALD DANTE *et al.,* Appellants.

*Opinion filed Sept. 23, 1966.—Rehearing denied Oct. 27, 1966.*

HERBERT T. BARSY and BELLOWS, BELLOWS & MAGIDSON, both of Chicago, for appellants.

BRUNO W. STANCZAK, State's Attorney, of Waukegan, (JACK HOOGASIAN, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendants, Ronald Dante, also known as Ronald Dominic, James E. Jackson, Frank D. Palermo, Sam P. Rosa, Michael Yeary, and Frank T. Sobek, and others, were charged with the crimes of keeping a gambling place and gambling in violation of the Criminal Code. (Ill. Rev. Stat. 1963, chap. 38, pars. 28—1, 28—3.) Defendants waived trial by jury and were tried by the court in the circuit court of Lake County. Defendants Dante, Jackson, Palermo, Rosa and Yeary were found guilty, sentenced to six months in the county jail, and fined $500. Defendant Sobek was found guilty and fined $500. Appeal is taken directly to this court on the ground that the case involves questions arising under the State and Federal constitutions.

It appears that upon the complaint of FBI agent Elliott W. Anderson, a search warrant was issued for premises at 346 Waukegan Avenue, in Highwood, Illinois, known as the M & O Social Club. Pursuant to this warrant, some 35 law officers, composed of agents of the Federal Bureau of Investigation and agents and troopers of the Illinois State Police, entered the second floor of said premises at about midnight on March 23, 1964, and conducted a raid. Photo-

graphs were taken of certain occupants and of the premises; several items of gambling equipment were confiscated; and numerous persons were arrested as patrons and employees.

Several of the patrons who had been charged with gambling were granted immunity after their constitutional claim of privilege and were compelled to testify. They testified that they were present at the time of the raid, purchased chips and played at different tables, but that they were unable to identify any of the operators of the alleged games of chance or any of the employees of the M & O Social Club. Police officers and FBI agents also testified that they had had conversations with persons at the scene of the raid who had names which were the same as the names of some of the defendants.

The first and only issue we deem it necessary to consider in this case is defendants' contention that they were not proved guilty beyond a reasonable doubt due to the failure of any of the State's witnesses to identify them. In a criminal case, one of the essential elements which the State must prove beyond all reasonable doubt is the identity of the accused as the one who committed the crime charged. (*People v. Gold,* 361 Ill. 23; *People v. Burr,* 356 Ill. 452.) Here, not one of the defendants was identified as a person who was present at the time of the alleged crime. The patron witnesses were unable to identify the defendants, and the defendants were not identified as the persons who allegedly made statements to the State and Federal agents. At most, the proof showed that there were present at the time of the raid certain persons whose names were the same as those of the defendants, and that persons with those same names made statements to the State and Federal agents. Identification of an accused beyond a reasonable doubt in a criminal case is not established by merely showing an identity of names between defendants and persons who were allegedly present at the place of a suspected crime. (*People v. Stewart,* 23 Ill.2d 161; *People v. Hornstein,* 47 Ill. App. 2d 367.) No

identification of the defendants was made in open court or in any other manner in this case.

Since the defendants' guilt was not established beyond a reasonable doubt in this case, the judgment must be reversed and it is therefore unnecessary to consider the other allegations of error raised by defendants.

The judgment ·of the circuit court of Lake County is reversed.

*Judgment reversed.*