John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

John R. Perry, Jr., Nogales, for appellant.

580 P.2d 1235

**The STATE of Arizona, Appellee,**

v.

**Ignacio Castillo CORRALES, Appellant.**

**No. 2 CA–CR 1354.**

Court of Appeals of Arizona, Division 2.

May 31, 1978.

OPINION

RICHMOND, Chief Judge.

Appellant was tried to the court in absentia and convicted of unlawful transportation of marijuana. He was then sentenced in absentia to not less than five nor more than 10 years in the Arizona State Prison, with sentence to commence upon his apprehension. On appeal his counsel raises only the contention that appellant was not sufficiently identified at trial for the state to have met its burden of proving his guilt beyond a reasonable doubt.

Four police witnesses testified at the trial as to the physical description of the person taken into custody on August 31, 1977, and the name, Ignacio Castillo Corrales, that he gave each time a name was requested. A criminal complaint charging appellant with the crime of which he was convicted had been issued on September 2. Appellant and his counsel had executed a written waiver of preliminary hearing and he had been released on his own recognizance following arraignment in superior court on September 12. On the same date he had executed a waiver of trial by jury "subject to the condition that I fail to appear for trial." On October 24, the deadline established for plea negotiations, appellant's counsel had informed the court that he was unable to locate his client. A bench warrant was

issued on October 31 and appellant was tried in absentia on December 9.

His counsel argues that without an in-court identification the foregoing is insufficient evidence that appellant was the person arrested on August 31. He relies on the case of *People v. Dante,* 35 Ill.2d 508, 221 N.E.2d 409 (1966), in which a conviction for gambling and keeping a gambling place was overturned as to defendants who were identified by name only as having been present at the time of the alleged crime. Here, there was no question as to the identity of the person taken into custody, and we find the record sufficient to support the trial court's determination beyond a reasonable doubt that appellant was the same person.

Affirmed.

HOWARD and HATHAWAY, JJ., concurring.