THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK RANDOLPH, Plaintiff in Error.

*Opinion filed May 19, 1949.*

FRANK RANDOLPH, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and WILLIAM T. HENDERSON, State's Attorney, of Danville, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

October 6, 1944, the defendant, Frank Randolph, was indicted in the circuit court of Vermilion County for assault with a deadly weapon, with intent to kill and murder Pauline Carter. He pleaded guilty and, on October 25, 1944, was sentenced to imprisonment in the penitentiary for a term of not less than one year nor more than fourteen years. Defendant prosecutes this writ of error, appearing *pro se.*

Seeking a reversal, defendant contends that the record fails to show (1) the indictment was returned into open court; (2) he was formally arraigned in open court and furnished with a copy of the indictment and list of witnesses and jurors, and (3) he was in open court during the entire proceedings of the trial. He also makes the contentions that the judgment does not contain the material findings of facts necessary to warrant his imprisonment and that the judgment discloses upon its face it is void.

The argument supporting these contentions is predicated upon the record which defendant caused to be certified by the clerk of the circuit court. This record is, however, only a partial record. Omitted from the record filed by defendant are the impaneling of the grand jury and the returning of the indictment into open court. On March 9, 1949, a justice of this court, in vacation, granted the motion of the People for diminution of the record and for leave to file *instanter* a corrected copy of the common-law record. The record filed on March 11, 1949, pursuant to the order permitting the filing of a correct transcript of the record, affirmatively discloses that the indictment was returned by the grand jury into open court on October 6, 1944; that the names of the witnesses were endorsed on the indictment; that, on October 10, 1944, defendant appeared in open court with counsel and was furnished with a copy of the indictment, together with a list of witnesses and jurors; that, upon arraignment, he pleaded not guilty; that, thereafter, on October 25, 1944, defendant appeared in court with his counsel, withdrew his plea of not guilty, and interposed a plea of guilty to assault with intent to kill, as charged in the indictment, and that the trial judge admonished him of the effect and consequence of his plea of guilty, but that he persisted in his plea. The judgment order of October 25, 1944, discloses, further, that, upon defendant's plea of not guilty being withdrawn, he was arraigned for sentence and sentenced to imprisonment in the penitentiary.

The corrected transcript filed by the People discloses that defendant's first two contentions are without support in the common-law record. Contentions based on a faulty record cannot be sustained where the record is corrected by the filing of an additional transcript consisting of the corrected complete common-law record showing the true state of the record. (*People* v. *Burke*, 400 Ill. 240; *People* v. *Webb*, 392 Ill. 524.) The remaining contentions urged

by defendant are adequately answered not only by the incomplete record which he filed but, also, by the additional record filed by the People.

The judgment of the circuit court of Vermilion County is affirmed.