(No. 31919.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES CARTER, Plaintiff in Error.

*Opinion filed November 27, 1951—Rehearing denied Jan. 21, 1952.*

JAMES CARTER, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur F. Manning, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Mr. Justice Bristow delivered the opinion of the court:

The plaintiff in error, James Carter, comes here from the criminal court of Cook County on writ of error, appearing *pro se,* seeking to review the judgment of conviction on the common-law record, no bill of exceptions having been filed. Through a typographical error in the original transcript, the name of the plaintiff in error was omitted from count I of the indictment, but the defendant in error submitted, with a statement, brief and argument, an authenticated copy of the record of the indictment, correcting the error in the transcript filed here and presenting a true record of the criminal court as to said indictment.

The plaintiff in error was tried before a jury on an indictment containing two counts. Count I (omitting the formal parts) is set forth as follows: "* * * that one James Carter late of the County of Cook, on the tenth day of June in the year of our Lord one thousand nine hundred and fifty, in said County of Cook, in the State of Illinois aforesaid, feloniously and violently made an assault in and upon one William Kennedy then and there being, and then and there put said William Kennedy in bodily fear and danger of his life, then and there feloniously and violently, by force and intimidation, robbed, stole, took and carried away from the person and against the will of said William Kennedy five dollars, sixty cents of the money, personal goods and property of said William Kennedy; and the Grand Jurors aforesaid, upon their oaths aforesaid, do further present that said James Carter then and there was

armed with a certain dangerous weapon, to-wit: a certain crowbar contrary to the statute, * * *." Count II is for plain robbery.

The jury returned its verdict which included the following: "We the jury find the defendant James Carter guilty of robbery in the manner and form as charged in the indictment, and we further find from the evidence that at the time of the commission of said robbery, the defendant was armed with a dangerous weapon, to-wit, with a crowbar."

The trial court, after overruling motions for new trial and in arrest of judgment, entered a judgment on the verdict, as follows: "The defendant James Carter is guilty of the crime of robbery with a crowbar in manner and form as charged in the indictment in this cause, and the defendant is sentenced to the Illinois Penitentiary for the crime of robbery with a crowbar in manner and form as charged in the indictment whereof he stands convicted for a term of years not less than ten (10) years nor more than life."

The contention of the plaintiff in error that the indictment is void because it fails to charge anyone with the crime of robbery is without support in the common-law record because, as it was corrected, the name of the plaintiff in error was contained in both counts of the indictment. *People* v. *Randolph,* 403 Ill. 434, 86 N.E. 2d 217; *People* v. *Hall,* 407 Ill. 137, 94 N.E. 2d 873.

Next, it is contended by the plaintiff in error that the sentence entered herein is void because of its indefiniteness. With this contention we cannot agree. A sentence to the Illinois Penitentiary which is within the requirements of the indeterminate term fixed by statute for aggravated robbery, and in conformance with the Sentence and Parole Act of 1943, is definite and is a legal sentence within the law. *People* v. *Williams,* 404 Ill. 624; *People* v. *Howard,* 397 Ill. 334; *People* v. *Heard,* 396 Ill. 215.

Finally, it is urged by plaintiff in error that the indictment is fatally defective because it contained no recitation that an act of violence was committed upon the victim of the robbery, with the crowbar, so that it might be established that the crowbar was a dangerous weapon. The case of *Allen* v. *People*, 82 Ill. 610, supports our view that there is no merit in this contention. At page 612 in that case this language is employed: "To aver that the pistol was loaded, or that it was an instrument of such size and weight as to be a deadly weapon, in the hands of a strong man, who might desire to use it for the purpose of striking a blow, would be, in effect, pleading the evidence which was necessary to be introduced on the trial in order to obtain a conviction. When the pleader averred that the assault was made with a certain instrument, and averred that instrument to be a deadly weapon, the demands of the law were fully answered."

Finding no error in the record, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*