(No. 33129.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ALBERT BROWN, Plaintiff in Error.

*Opinion filed October 25, 1954.*

624

ALBERT BROWN, *pro se*.

LATHAM CASTLE, Attorney General, of Springfield, and JOHN T. ALLEN, State's Attorney, of Danville, (FRED G. LEACH, GEORGE W. SCHWANER, JR., DONALD L. MERLIE, and F. DANIEL WELSCH, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error, Albert Brown, hereinafter called defendant, and one Dale Anthony were indicted in the circuit court of Vermilion County at the October Term, 1939, for the crime of burglary. After a trial by jury they were found guilty and were sentenced to the penitentiary for a term of one year to life. Appearing *pro se,* defendant brings the common-law record for review by writ of error. He alleges as error that the persons called to serve as grand jurors consisted only of men, and should have included persons of both sexes; that the indictment failed to set forth with particularity the "goods and chattels" which it alleges he intended to steal; and that he was not given adequate time to prepare for trial.

The common-law record presented to this court fails to show that the grand jury did not include women; or that any objection was made by challenge to the array. Under such circumstances defendant is deemed to have waived any alleged impropriety in the selection of the grand jury. (*People* v. *White,* 405 Ill. 152.) It is a general rule that where there is nothing before the court except the common-law record, it must be taken as speaking the truth and cannot be contradicted. Before this court can consider alleged errors, defendant must have made a timely motion or objection to the trial court and, in case of unfavorable action, preserved in the record, by bill of excep-

tions, the proceedings had upon such objection. *People* v. *Hambleton,* 399 Ill. 388.

The indictment alleges that defendant and his co-defendant entered a described tool house building "with intent then and there, therein feloniously and burglariously to steal, take and carry away divers goods and chattels of the said Lucien B. Dyer, doing business as Dyer Construction Co., then and there being found in the said tool house building." Such allegations sufficiently charge the required intent. In an indictment for burglary it is unnecessary to name specifically the articles which the accused allegedly intended to steal. *People* v. *Hoffman,* 381 Ill. 460.

The next contention presented is that defendant was not allowed sufficient time to prepare for trial. The record discloses that on October 6, 1939, a bench warrant was issued for the arrest of Dale Anthony and defendant. The date of defendant's arrest does not appear, but the record recites that on October 24, 1939, he was arraigned and pleaded not guilty; that counsel was then appointed to defend him; that the trial was begun immediately and was concluded on the following day, when the jury returned the verdict of guilty; and that counsel made a motion for new trial, which was subsequently denied. Defendant alleges in his argument that he was arrested in Kokomo, Indiana, on October 11, 1939, to be held for the Illinois authorities on a warrant charging burglary; that he waived extradition but was not returned to Illinois until October 24, 1939; that on that day the Illinois authorities took him from the county jail at Kokomo, Indiana, directly to the courtroom at Danville, Illinois, where his codefendant was present with counsel; that upon requesting time to employ counsel and subpoena witnesses, he was informed by the court that if he wanted to plead not guilty an attorney would be appointed for him; that the State's Attorney indicated the People were ready; and that the court, after the plea was made, appointed his codefendant's attorney to

represent defendant also, and then immediately proceeded with the trial.

The facts related by defendant, not being a part of the record, cannot be considered by this court. There is nothing of record to show that a request for continuance was made or ruled upon. On the contrary, it is expressly recited that "said defendants Dale Anthony and Albert Brown being ready for trial a jury of twelve good and lawful men and women who have been selected tried and sworn according to law to try said cause and now said jury hears the opening statement of counsel for prosecution and defense as well as the evidence introduced herein." Where no motion for a continuance appears of record there is no ruling of the court which may be reviewed, and the question raised cannot be passed upon. *People* v. *Yates*, 339 Ill. 421, 424.

Defendant urges other matters which likewise cannot be considered in the absence of a bill of exceptions. The record shows that he pleaded not guilty, was represented by counsel throughout the trial, was tried before a jury and found guilty, and was duly sentenced. None of the errors assigned has any basis in the record presented to us, and the judgment will therefore be affirmed.

*Judgment affirmed.*