(No. 35778.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR WALDEN, JR., Plaintiff in Error.

*Opinion filed January 20, 1961.*

HAROLD D. MARTIN, of Loves Park, for plaintiff in error.

WILLIAM L. GUILD, Attorney General, of Springfield, and JOHN B. ANDERSON, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, and ROSARIO A. GAZIANO, and EDMUND F. HARMON, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Arthur Walden, Jr., was convicted of the crime of rape in the circuit court of Winnebago County and a writ of error has been issued to review the judgment of conviction.

It is first urged that the evidence was insufficient to establish defendant's guilt. The prosecutrix testified that the defendant entered her hotel room, grabbed her by the throat and threatened to kill her and forced her to submit to sexual intercourse. She escaped from the room, ran to the head of the stairs and called for help and some men downstairs heard her cries and called the police. The defendant had escaped before the police arrived. The prosecutrix further testified that she noticed that her purse, which contained some money, was missing. Counsel for the defendant objected to the testimony concerning the missing purse and money and the court ruled that the objection was sustained unless the prosecutor could connect up the pocketbook with the defendant to show that the defendant was in the room. The court stated in the presence of the jury that the only purpose of the evidence was to show defendant's

presence in the room and not to show any other crime. Other witnesses testified that after the assault they had seen the prosecutrix and noticed that her bed and her slip were soiled with blood. The police officer who arrested defendant testified that when defendant was arrested he first denied being in the hotel but later admitted that he had been in the barroom but still denied that he had been in the prosecutrix's room. Another police officer testified that he had questioned the defendant following his arrest and that the defendant first denied being in the hotel but later admitted that he had been there and admitted that he had had intercourse with the prosecutrix. This officer testified that defendant told him that the act of intercourse was with the consent of the prosecutrix and that he had paid her $5. The officer also testified that defendant's trousers and underclothing were stained with a substance which looked like blood. The slip which the prosecutrix had worn at the time of the assault was admitted in evidence and defendant's clothing was likewise admitted.

For the defense the police magistrate who had issued the warrant for defendant's arrest testified that the complaint which was signed by the prosecutrix alleged that the defendant had attempted to commit rape. Another witness testified that the defendant was in the barroom of the hotel several hours before the occurrence in question and that he did not know where the defendant went after that. The defendant testified in his own defense and admitted having intercourse with the prosecutrix but claimed that he had paid her and that the act was done with her consent.

Defendant contends that this evidence fails to establish that the intercourse was without the consent of the prosecutrix. Defendant's contention cannot be sustained. The testimony of the prosecutrix that the defendant forced her to submit to the act of intercourse is corroborated by her cries for help and by the evidence of the blood-stained garments. Opposed to this evidence is only the testimony of the

defendant that the act was done with the consent of the prosecutrix. In such a situation, where the evidence is conflicting, the credibility of the witnesses is a matter for the jury to determine. We are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt. Defendant also contends that the prosecution failed to prove that the defendant was not married to the complaining witness. We held in *People* v. *Hornaday*, 400 Ill. 361, that it was not necessary that an indictment for forcible rape allege that the complaining witness was not the wife of the defendant. Since such an allegation is not necessary in an indictment it follows that it is not necessary for the State to prove this fact.

Defendant also alleges that the court improperly admitted evidence of other crimes, referring to the testimony of the prosecutrix that her purse and money were missing. The court stated in the presence of the jury that this evidence was admitted only for the purpose of showing the defendant's presence in the room and not to show the commission of another crime. There was never any connection established between the purse and the defendant and the purse and money were not admitted in evidence. We are of the opinion that this testimony did not constitute reversible error.

Defendant also complains of the argument of the prosecuting attorney. However, this argument was not reported or transcribed and, therefore, does not appear in the record. We are, therefore, unable to consider the assignments of error with respect to the alleged prejudicial argument.

Defendant contends that the exhibition of the bloody garments before the jury was prejudicial. The record shows that while one of the witnesses who had seen the prosecutrix after the attack was identifying the blood-stained slip, the court said "You don't show that anymore. You have had it up there seven times now." The garment was admissible

in evidence as tending to prove the element of force. The trial judge restricted the prosecuting attorney from further exhibitions and we are unable to say from the record before us that the acts of the prosecuting attorney in exhibiting it to the jury before this admonition by the court constituted prejudicial error.

Defendant also contends that the court erred in refusing an instruction to the effect that if the jury found that the act of intercourse was with the consent of the prosecutrix the jury should find the defendant not guilty. While the rule of law stated in the instruction was correct and was applicable to the case, we find that substantially the same principle was set forth in another instruction which was given. The court therefore, did not err in refusing the instruction.

Defendant claims that he was not given sufficient time to prepare a defense. The record shows that the defendant was arraigned on July 5. On July 8, counsel was appointed. On July 10, a motion to quash the indictment was heard and denied and defendant entered a plea of not guilty. The case was set for trial on July 15. On that date counsel for the defendant moved for a continuance and the case was continued until July 19, on which date the case proceeded to trial. No further motion for a continuance was made. In view of the fact that defendant's motion was allowed and no further motion for a continuance was made, we find no merit in defendant's contention that he was not given a sufficient time to prepare his defense.

We have carefully considered the many assignments of error advanced by the defendant and are of the opinion that the evidence was sufficient to establish defendant's guilt beyond a reasonable doubt and that he received a fair and impartial trial. The judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*