(No. 37067.—<span></span>)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOSEPH NASTASIO, *alias* ANTHONY NOLETTI, Appellant.

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

ROBERT S. COHEN and HUGH J. GRAHAM, both of Springfield, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and RAYMOND L. TERRELL, State's Attorney, of Springfield, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ROBERT T. LAWLEY and C. JOSEPH CAVANAGH, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The defendant was indicted, tried before a jury and convicted of the felony of attempting to escape jail while he was an inmate therein waiting to be tried for the crime of taking indecent liberties with a minor.

On April 28, 1961, a hole approximately 24″ by 30″ was discovered in the prisoner section of the Sangamon County jail. The evidence indicated that this hole had been chiseled through three of the four layers of the outer brick wall of one of the upper cell blocks by certain of the prisoners, including the defendant, over a period of several days. The work was accomplished behind a blanket which was placed over the work area for the apparent purpose of being dried.

The defendant during this time was being held awaiting trial on felony charges of taking indecent liberties with a minor. He was also being held pursuant to recent felony convictions of assault with intent to commit a crime against nature and assault with intent to commit rape. The sheriff testified that the defendant had been designated by him as a "floor boy" and as such was not confined to his individual cell at night, but was permitted access to the entire cell block. He also had the duty of seeing that each prisoner received his food and was to report any disturbances to the sheriff. During the period that the hole was being dug the defendant did not report any unusual activity.

He did admit that he knew of the digging, but claimed that he did not participate therein and that he never stated that he intended to leave. The sheriff testified that upon discovering the hole he questioned the defendant who claimed that he tried to tell the sheriff of its existence the day before the hole was discovered. However, the sheriff further testified that he talked to the defendant several times during the period that the hole was dug and that the defendant did not mention same.

The Criminal Code provides that a prisoner who attempts to escape from custody shall, "if awaiting trial for or convicted of a misdemeanor, be guilty of a misdemeanor * * * or he shall, if awaiting trial for or convicted of a felony, be guilty of a felony * * *." Ill. Rev. Stat. 1961, chap. 38, par. 228b.

In seeking a reversal here the defendant makes many and various contentions, the first being that the indictment is insufficient because the charge is set forth only in the language of the statute. As a result it allegedly does not sufficiently describe the nature of the charge, so as to enable defendant to prepare a defense thereto and plead the judgment in bar of a later prosecution. (Ill. Const., art II, sec. 9.) In support of the foregoing he points out that the indictment is defective because it does not set forth in detail

what act the defendant consummated in furtherance of his attempted escape nor does it allege that the escape was unsuccessful.

Recently, this court had before it the case of *People* v. *Hill*, 17 Ill.2d 112, in which the defendant was charged with unlawful escape from jail. We there stated: "The indictment in this case was in the language of the statute. * * * Moreover, it unmistakenly informed the defendant of the precise offense with which he was charged. 'Niceties and strictness of pleading are supported only when a defendant would be otherwise surprised on trial or be unable to meet the charge or prepare his defense.' (*People* v. *Woodruff*, 9 Ill.2d 429, 440.) The indictment was sufficient." This same rationale is applicable to the instant case and the indictment in our opinion is sufficient. The authority cited by the defendant which holds defective indictments drafted under the general attempt section of the Criminal Code (Ill. Rev. Stat. 1959, chap. 38, par. 581) is not applicable here. *People* v. *Glickman*, 377 Ill. 360, 365.

The defendant next contends that the sole evidence of his guilt is the uncorroborated oral testimony of accomplices, and that the same is insufficient proof of his guilt beyond a reasonable doubt. An examination of the record discloses that nine witnesses testified as to the events which occurred. Some of them were accomplices, but not all. However, all were confined in the county jail at the time of the attempted escape. George Harry Tanner testified that the defendant gave him the end of a mop for use in making the hole and which he said to Tanner and other prisoners would be completed in three or four days. He also warned Tanner to keep his mouth shut. The witness Tommy Lee Ford related a conversation in the cell of the defendant in which the defendant said he would be the first out of the hole when it was finished, but that he would dig in a different spot. Ford also testified that the defendant acted as lookout for the diggers. Tanner and another witness, Frank Chimento,

stated that they saw the defendant working in the hole and heard the defendant say he would be the first out of the hole; also that he warned the other prisoners not to say anything after the digging was discovered. Herman Strader testified that the defendant told him to keep his mouth shut. The testimony of Frank Chimento also verifies much of the above testimony inasmuch as he also heard the defend warn the other prisoners to keep their mouths shut and that he would be one of the first out of the hole when the same was completed. Two of the above witnesses, Tommy Lee Ford and Herman Strader, were not accomplices in the crime, and neither were indicted for the offense charged here, nor is there any testimony in the record that they participated in the attempted break.

The defendant claims that the testimony of Chimento is not worthy of belief, because he was granted immunity when he appeared before the grand jury. In the case of *People* v. *Flaherty,* 396 Ill. 304, this contention was made and this court therein stated that a conviction may be based on the testimony of an accomplice if it is of such a character as to convince a jury beyond a reasonable doubt even though the witness admits that he expects leniency. *People* v. *Johnston,* 382 Ill. 233; *People* v. *Wagman,* 311 Ill. 330.

We are of the opinion that the evidence was sufficient to justify the finding of the guilt of defendant beyond a reasonable doubt. One of the cases cited as contrary is *People* v. *Palmer,* 26 Ill.2d 464. However, in that case we held that the evidence of an accomplice is competent, even without corroboration, and a conviction based thereon will be sustained if the trier of facts is convinced of the defendant's guilt beyond a reasonable doubt. *People* v. *Perroni,* 14 Ill.2d 581, 592.

The defendant further complains about the court's action in reference to certain testimony to the effect that the witness George Harry Tanner had a dislike for the defendant. On cross-examination the defense counsel was per-

mitted to question the witness about this dislike, which was readily admitted by the witness. On re-direct he was then asked as to the reason for this dislike and he stated that it was because the defendant had acted as district attorney in a kangaroo court held in the jail in which he (the witness) was sentenced to be tattooed on the buttocks, and also because the defendant had forced him to engage in a sex act with him. There was no error in the admission of this testimony as it was not objected to in the trial court and any objection here comes too late. (*People* v. *Prohaska,* 8 Ill.2d 579.) The defendant argues, however, that because he received certain adverse publicity through the news media in the years 1958 and 1959 in connection with a murder charge and certain alleged sexual crimes, the court should not have allowed this line of questioning, even though no objection was made. There is nothing in the record concerning these matters, however, and their effect, if any, upon the defendant's trial two to three years later cannot now be ascertained. No reversible error was committed by the trial court by the admission of this testimony.

The defendant next contends that it was reversible error for the trial court to refuse to allow the defendant to explain certain evidence offered by the prosecution and admitted by the trial court relating to the charges upon which the defendant was being held. In the course of the trial it was stipulated by the State's Attorney and counsel for the defendant that on April 28, 1961, the defendant, under Sangamon County criminal docket cases numbered 2633-58 and 2656-58, stood convicted of the infamous crime of assault with intent to commit a crime against nature and also of an assault with intent to commit rape, and also that defendant was awaiting trial on a charge in case number 2634-58 for the crime of taking indecent liberties with a minor.

The court refused to permit the defendant to prove that on June 23, 1961, prior to the trial on the present charge of

attempting to break jail, the convictions of the defendant in criminal cases Nos. 2633-58 and 2656-58 were set aside, and also that the trial of the felony counts in case No. 2634-58 (taking indecent liberties with a minor) resulted in a directed verdict for the defendant, and a hung jury was had on the certain other pending misdemeanor counts on June 1, 1961.

The defendant insists that the jury at the trial on August 22, 1961, of the cause here was under the erroneous impression that the defendant had been convicted of two infamous offenses and was awaiting trial for a third crime of a sexual nature, whereas at the time of the trial here the defendant had been found not guilty of all the felony counts in the indictments in the cases refered to in the stipulation. The defendant contends that the refusal of the trial court to permit him to explain or deny the erroneous convictions under the aforesaid indictments was prejudicial to the defendant and deprived him of a fair and impartial trial.

The People, on the other hand, argue that the ultimate disposition of the above described charges pending against the defendant after the attempted break would not be probative of any factual issue in this case. A person imprisoned under a judgment cannot be credited with a legal precognition of the outcome of his case so as to remove a motive for escaping. It is the state of mind and the situation of the defendant at the time of the break which is in issue.

This court held adversely to the contention of the defendant in *People* v. *Hill*, 17 Ill.2d 112. There the defendant was lawfully committed to jail awaiting a trial for a felony —burglary. The defendant offered the indictment in evidence, which he charged was defective and therefore there was no evidence in the record that he was lawfully held in custody, and as a result he committed no crime when he escaped. That, in substance, is the contention of defendant here. He claims that because the felony convictions against him were subsequently vacated and the felony charge

pending at the time of the attempted escape was not proved, he was then being held illegally on these charges and did not, therefore, commit the crime now charged, attempting to escape while being held on a charge of a felony. There is no merit in his contention and the court, in denying to the defendant the right to present the foregoing evidence, did not commit reversible error.

The defendant next contends that the trial court committed error in permitting the State's Attorney to cross-examine the defendant concerning former convictions for infamous and noninfamous crimes. Of course the law is well settled that former convictions of defendant for infamous crimes can be introduced only for impeachment purposes. The record here discloses that the defendant on direct examination testified to prior convictions of infamous and noninfamous crimes, and also that he never had been convicted of any crime other than those mentioned. The defense cannot therefore claim error or prejudice once the defendant has opened the door on direct examination. (*People v. Ficke*, 343 Ill. 367; *People v. Yates*, 339 Ill. 421; *United States v. Nelson*, (7th cir.) 273 F.2d 459; *People v. Kirkpatrick*, 413 Ill. 595.) The court committed no error in its ruling.

The next alleged error concerns the examination by the State's Attorney of the witness Goodwin Lykes Benson as to whether he was present at the kangaroo court held in the jail. When he replied that he was, he was then asked who was the district attorney at the session of this court and he named the defendant here. Thereupon he was asked who prosecuted the case against the witness George Harry Tanner, and he said the defendant here did. The defendant then objected that said evidence was immaterial, whereupon the State's Attorney replied that the evidence was in corroboration of the testimony of George Harry Tanner who had previously testified. Thereupon the defense counsel stated there was no question about Tanner's testimony, but

that the above examination of Benson was prejudicial. The State's Attorney then made inquiry as to whether there was any dispute that the defendant here had sentenced the witness Tanner to be tattooed? Thereupon the witness was withdrawn or tendered for cross-examination. The defense counsel then stated that the matter might be proper for rebuttal but it was improper at this point. In our opinion there was no reversible error committed here. The witness George Tanner was permitted to testify as to the matters in question without objection, and finally when an objection was made the witness Benson was immediately withdrawn.

The defendant also contends that prejudicial error occurred when the State's Attorney in his closing argument informed the jury that he had a certified and authenticated copy of a record of conviction of the defendant of the crime of ordering a jail break. These remarks were objected to by the defendant as not admissible for the purpose of showing any intent or motive, but only for and solely for impeachment purposes. The record here does not contain the complete closing argument of the State's Attorney, and therefore fails to disclose in what connection the remarks of the State's Attorney were used. Therefore the matter was not properly preserved in the trial court and cannot now become an issue here. (*People* v. *Brown,* 3 Ill.2d 623.) Also, the certified and authenticated copy of the record of conviction was admitted in the case here and it was proper for the State's Attorney to refer to it in his argument insofar as it affected the credibility of the defendant's testimony.

The defendant takes exception to one of the instructions given on behalf of the People, contending that its effect is to inform the jury that merely being present at the time of the commission of a crime is sufficient proof of guilt of a defendant charged with crime. An examination of an isolated portion of this instruction does in fact bear out such an interpretation. But the very opening part of the instruc-

tion states that "mere presence is not sufficient to constitute a principal" in the commission of a crime. Said instruction had its inception in *People* v. *Bucnis,* 405 Ill. 568, and is correct. Also another instruction given here on said subject is in the language of the statute as to what constitutes an accessory. The jury could not, therefore, in our opinion have been misled by the instructions taken as a series and no reversible error was committed. *People* v. *Thompson,* 406 Ill. 323.

Finally the defendant contends that, since he was awaiting trial on charges involving both a felony and a misdemeanor at the time of the attempted jail break, but was subsequently acquitted of the felony charge, as a result the acquittal would reach back to the time of the jail break and reduce the crime to that of misdemeanor. No authority for this statement is given. The case of *People* v. *Hill,* 17 Ill.2d 112, heretofore discussed in this opinion gives answer to the defendant's contention.

We are of the opinion, therefore, that the trial court committed no reversible error in the trial of this case, and the judgment is affirmed.

*Judgment affirmed.*