(No. 41426.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* NEIL MERLE SMITH, Appellant.

*Opinion filed May 28, 1969.*

HUBBARD B. NEIGHBOUR, of Moline, for appellant.

RICHARD STENGEL, State's Attorney, of Rock Island, (JOHN DONALD O'SHEA, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Rock Island County found he defendant, Neil Merle Smith, guilty of burglary and e was sentenced to the penitentiary for a term of not less ian 5 nor more than 10 years. On this appeal he contends

(1) that the use at his trial of his unsigned statement, which was made after he had been arrested and released on bail, deprived him of his right to counsel in violation of the sixth and fourteenth amendments to the constitution of the United States, and (2) that his conviction should be reversed because the transcript of the proceedings at his trial which was furnished to him did not include the arguments of counsel to the jury.

A store of the Firestone Tire and Rubber Company in Rock Island, Illinois, was broken into during the night of February 17-18, 1965, and three TV sets and a portable AM-FM radio were taken. The stolen property was not recovered.

The defendant was arrested on the charge involved in this case in Davenport, Iowa, on March 23, 1965. There he consulted the attorney who represented him upon this trial, who advised him to waive extradition if he was not guilty. He waived extradition and was returned to Illinois on March 24. He was booked by the Rock Island police on the burglary charge at 11:05 A.M. on March 24 and was taken at once before a magistrate, where he was arraigned and admitted to bail. Immediately thereafter he accompanied the assistant chief of police to the Rock Island detective bureau where he was questioned by the assistant chief. The questions and answers were reduced to writing. When the defendant was asked to sign the statement, he said that he would rather not do so until he had conferred with his attorney. He wrote at the end of the statement: "Verification with atty. I will sign."

At the trial the evidence for the prosecution established that the stolen radio had been kept in a glass display case from which a sliding door had been removed. Latent fingerprints were taken from the glass door and a fingerprint examiner for the F.B.I. testified that one of the defendant's fingerprints was identical to fingerprints on the glass door of the display case. The defendant did not testify, but his

brother testified that he and the defendant had gone to the Firestone store about 5 P.M. on February 17 to look for a television set for their mother, and that they were there about 20 minutes, looking at television sets and radios.

At the close of the defendant's case, the prosecution was granted leave to reopen to present testimony concerning the statement made by the defendant. The assistant chief testified that he had advised the defendant that he had a right not to make a statement and had a right to an attorney. He also testified that no force or duress was used and that there was no offer of leniency or reward. The significant portions of the brief statement, which was admitted into evidence without objection, are as follows:

"Q. Since being picked up you have had occasion to use the telephone as many times as you care to?

A. Yes.

Q. And you also know that you have a right to call any attorney you care to and seek his advice on this case and charge?

A. Yes.

Q. And you know also, Neil, that any statement that you may give to us will have to be voluntary and that you do not have to give any statement unless you so desire?

A. Yes.

Q. Neil, have you ever been in the Firestone store in Rock Island with Robert York?

A. No.

Q. Have you ever been in the Firestone store in Rock Island?

A. No.

Q. Did you know where this store was located before this date?

A. No. The location of it meant nothing to me, as far as I was concerned it was another gas station.

Q. Do you know anything about the burglary of this

Firestone store rubber company and oil station which occurred around the middle part of last February?

A. No.

Q. At any time since the middle of February have you heard anyone speak about the burglary of this store?

A. No.

Q. Neil, is this a true statement?

A. This is a true statement.

Q. Have we promised you anything or have we threatened you in any way to induce you to give this statement?

A. No."

In rebuttal the prosecution called the three salesmen who worked in the Firestone store. Each of them testified that he had never seen the defendant or his brother in the store.

While the defendant's statement, standing alone, was completely exculpatory, it directly contradicted the testimony of his brother, which had tended to explain the presence of the defendant's fingerprints on the show case panel. The defendant contends that the admission of his statement deprived him of his constitutional right to counsel. The defendant relies upon *Escobedo* v. *Illinois* (1964), 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1768, and *Massiah* v. *United States* (1964), 377 U.S. 201, 12 L. Ed. 2d 246, 84 S. Ct. 1199, and contends that after a suspect has been formally charged with a crime any statements elicited from him in the absence of his counsel are inadmissible.

In our opinion the defendant's statement was properly received in evidence. The record clearly shows that the defendant expressly waived his right to the presence of counsel. The uncontradicted testimony of the assistant chief of police was that the defendant was admonished that he was not required to make a statement, that any statement must be voluntarily made, that he had a right to an attorney, and that he could make as many telephone calls as he desired.

This testimony is corroborated by the text of the statement. There is no claim of force or duress, nor was there any offer of leniency or reward.

The defendant also contends that the prosecution made improper and prejudicial references to his statement in its closing argument. No specific remarks are mentioned, however, and the absence of specification is sought to be justified on the ground that "the final arguments were not reported by the official reporter." The defendant's position is that because the court reporter did not take down the final arguments of the attorneys, he is precluded from showing their prejudicial nature, and that his conviction must therefore be reversed. We cannot accept this contention. The responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant. (*People* v. *Nastasio,* 30 Ill.2d 51; *People* v. *Walden,* 21 Ill.2d 164; *People* v. *Clark,* 9 Ill.2d 46.) The defendant's attorney made no request that the arguments be taken down. Nor was the defendant prejudiced by the failure to report the argument in this case, since the common law and the rules of this court make adequate provision for the reconstruction of the proceedings at trial. See Ill. Rev. Stat. 1967, chap. 110A, pars. 323(c), 612(c).

The judgment of the circuit court of Rock Island County is affirmed.

*Judgment affirmed.*