(No. 42780.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. WILLIAM KASDICTUS *et al.,* Appellants.

*Opinion filed March 21, 1972.*

GEORGE R. BIEBER, of Chicago (SAM ADAM, EDWARD M. GENSON and SANTO J. VOLPE, of counsel), for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and STEPHEN R. KRAMER, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE WARD delivered the opinion of the court:

John Zizzo, William Kasdictus, Chris Dimas, Chris Serietella, and Theodore Trakas were convicted of gam-

bling offenses in the circuit court of Cook County. Zizzo and Kasdictus were found guilty of keeping a gambling place and fined $200 each. The other defendants were convicted of gambling, and fines of $50 were imposed.

Prior to their bench trial the defendants unsuccessfully moved to quash a search warrant which had been issued by the circuit court and to suppress evidence. The warrant had been issued on the basis of observations set forth in a three-page affidavit made by John Riordan, an agent of the Federal Bureau of Investigation. Page one of the affidavit was available for inclusion in the record on appeal, but pages two and three were not, as it appears they could not be located by the clerk of the circuit court.

On this appeal the defendants contend that if a portion of the record has been mislaid or otherwise is missing without any fault of the defendants and that portion is necessary for a review of the correctness of the conviction, the defendants, without more, are entitled to reversal and a new trial.

In *People v. Smith (1969), 42 Ill.2d 479,* a resembling contention was made. There it was claimed that the prosecutor had made an improper final argument. No specific instances of impropriety were cited on appeal, because, the defendants explained, "the final arguments were not reported by the official reporter." It was argued that the conviction should have been reversed, as the absence of the argument in the record precluded the defendant from pointing out the prejudicial error. In rejecting the contention we said: "The responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant. *(People v. Nastasio, 30 Ill.2d 51; People v. Walden, 21 Ill.2d 164; People v. Clark, 9 Ill.2d 46.)* \*\*\* Nor was the defendant prejudiced by the failure to report the argument in this case, since the common law and the rules of this court make adequate provision for the reconstruction of the proceedings at trial. See Ill.Rev.Stat. 1967, ch. 110A, pars.

323(c), 612(c)." (42 Ill.2d 479, 483.) Supreme Court Rule 323(c) (Ill.Rev.Stat. 1969, ch. 110A, par. 323(c)), which we cited in *Smith,* provides: "If no verbatim transcript of the evidence or proceedings is obtainable the appellant may prepare a proposed report of proceedings from the best available sources, including recollection. It shall be served within 7 days after the notice of appeal is filed. Within 21 days after the notice of appeal is filed, any other party may serve proposed amendments or his proposed report of proceedings. Within 7 days thereafter, the appellant shall, upon notice, present the proposed report or reports and any proposed amendments to the trial court for settlement and approval. The court, holding hearings if necessary, shall promptly settle, certify, and order filed an accurate report of proceedings."

It is to be observed, too, that our Rule 329 (Ill.Rev. Stat. 1969, ch. 110A, par. 329) states: "The record on appeal shall be taken as true and correct unless shown to be otherwise and corrected in a manner permitted by this rule. Material omissions or inaccuracies or improper authentication may be corrected by stipulation of the parties or by the trial court, either before or after the record is transmitted to the reviewing court, or by the reviewing court. Any controversy as to whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by that court and the record made to conform to the truth. If the record is insufficient to present fully and fairly the questions involved, the requisite portion may be supplied at the cost of the appellant. If necessary, a supplemental record may be certified and transmitted."

Rules 323(c) and 329 are declaratory of what long has been substantially the practice in this State. In *Weatherford v. Wilson, 2 Scam. (3 Ill.) 253, 256,* a case decided by this court in 1840, it was said: "It was no doubt the duty of the judge below to have signed a bill of exceptions containing the testimony; and if the judge, as stated by

him, had not preserved minutes of the testimony, he should have permitted the party to have made out a statement of the evidence, and required it to be submitted to the opposite party for correction; and if the parties could not agree what the evidence was, the judge should then have corrected the bill with the best lights he possessed."

Parenthetically, it would appear that the missing portion of the record could have been readily reconstructed. The People's brief contains what is described as a complete copy of the affidavit, which was secured, it is said, from the files of the Chicago Police Department. It is pointed out that such a copy could have been obtained and presented to the court for certification. Referring to our Rule 323(d) (Ill.Rev.Stat. 1969, ch. 110A, par. 323(d)), the People say also that the defendants could have obtained a stipulation that the police department copy was a true copy of the original affidavit. Rule 323(d) provides: "The parties by written stipulation may agree upon a statement of the facts material to the controversy and file it in lieu of and within the time for filing a report of proceedings." No reply brief was filed by the defendants.

Too, Special Agent Riordan testified at great length at the hearing on the motion to suppress relative to his observations which were set forth in the affidavit. The transcript of his testimony could have been used to stimulate and supplement recollection in reconstructing the full affidavit.

For the reasons given, the judgments of the circuit court of Cook County are affirmed.

*Judgments affirmed.*