(No. 49789.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. RONALD E. EDWARDS, Appellee.

*Opinion filed Oct. 6, 1978.—Rehearing denied Dec. 1, 1978.*

2

KLUCZYNSKI, J., took no part.
GOLDENHERSH, J., dissenting.

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (Donald B. Mackay, Melbourne A. Noel, Jr., and Michael B. Weinstein, Assistant Attorneys General, of Chicago, and James E. Hinterlong, of the Illinois State's Attorneys Association, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and G. Joseph Weller, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The defendant, Ronald E. Edwards, was found guilty of unlawful possession of a weapon, in two counts (Ill. Rev. Stat. 1973, ch. 38, par. 24–1(a)(7)), and of burglary (Ill. Rev. Stat. 1973, ch. 38, par. 19–1(a)) by a jury in the circuit court of Peoria County. The appellate court, with one justice concurring in part and dissenting in part, finding the State's Attorney had made prejudicial comments during closing arguments, reversed and remanded for a new trial. (49 Ill. App. 3d 79.) We granted leave to appeal. 58 Ill. 2d R. 315.

The defendant argues that his motion for mistrial due to improper closing arguments should have been granted by the trial court. He also contends, as he did before the appellate court, that the trial court erred in not declaring a mistrial because the prosecutor had called to the attention of the jury, on cross-examination of the defendant, the guilty plea of a co-indictee who was not called to testify; and that an arguably unlawful search of the defendant's car occurred which uncovered two sawed-off shotguns. (In this court, the defendant also asserts ineffective assistance of counsel due to counsel's failure to challenge the lawfulness of the search.) We agree with the appellate court that the defendant failed to preserve these conten-

tions for appeal because they were not cited as the basis for his motion for a new trial. (49 Ill. App. 3d 79, 81-82.) "Where the grounds for a new trial are stated in writing," as is the case here, "the accused is limited on review to the errors alleged therein and all other errors are deemed to have been waived." (*People v. Hairston* (1970), 46 Ill. 2d 348, 367.) The only error alleged as justifying a new trial, other than the customary reasonable doubt issue and catchall language regarding "any error which may appear from a reading of the entire transcript of this matter," was that of improper closing arguments.

The defendant and Robert Sneyd, who was a prosecution witness, were arrested near the Lipsett Steel Company in Peoria County after midnight on July 11, 1973, for burglary of the company. Police had arrived at the company in response to a burglar alarm, and found entry into the office had been through a hole in the roof and ceiling, plaster and other debris had been strewn about the area, and the safe had been tampered with. The clothing of the defendant and Sneyd was kept as evidence. The clothing thought to be the defendant's was sent to the FBI Crime Laboratory to be tested for the presence of plaster particles. The results were negative and given to defense counsel. Sneyd's alleged clothing was not sent. At trial, Sneyd, who had prior felony convictions and had pleaded guilty to the burglary here, testified that the defendant lowered himself through the hole they cut in the roof of the company, while he remained outside. The defendant testified that he and Sneyd, having left Frank Larsen in the defendant's car which was parked in the lot at the company, took Sneyd's car and parked it elsewhere, and went fishing. At the beginning of the third day of trial, before the jury appeared, the State moved for leave to reopen its case. The evening before, after the State closed its case, the prosecutor had the clothes labeled Sneyd's sent to the Joliet Crime Laboratory on the hunch that

these clothes might actually belong to the defendant and contain plaster. The test results showed the presence of plaster. Defense counsel objected and the trial court denied the State leave to reopen its case to admit the new results into evidence. However, the trial court, over objection, did permit the State to reopen its case to permit Sneyd to testify that the set of clothing, first identified as the defendant's and lacking plaster particles, was his.

In his closing arguments, defense counsel made the following comments:

"MR. BLOOM [defense counsel] : I want you to also remember when Mr. Sneyd was brought back to testify that the State now had a negative finding on particles of his clothing that was Ron Edwards. Suddenly, this morning Mr. Sneyd said, 'Hey, fellows, those are mine.' Didn't do such a hot job yesterday, so we'll just—this is just icing on the cake. Oh, yeah, these are my clothes that were negative for Edwards and Edwards' clothing that are not yet forthcoming. So there we have it. It's up to you in your deliberations. If there was a reasonable explanation as to where Mr. Edwards was or what he was doing, you have to say it was, and you can examine the reasonableness of the other man's testimony."

During the State's rebuttal arguments, the following was recorded:

"MR. INMAN [prosecutor]: Now, in the area of serious misrepresentation, Defense Counsel has told you and I quote him, 'I want it and the State has yet to produce it—the clothing of the Defendant.' We attempted to this morning and it was kept out upon the objection of the Defendant's lawyer. We had evidence concerning that clothing.

MR. BLOOM: I'll object. I want an instruction to the Jury and I want this man cautioned never to do that again in his closing argument.

THE COURT: Sustained. Strike that from your memories.

MR. INMAN: There is no clothing to show you. It's sitting out there in that room behind you.

MR. BLOOM: Objection. He's saying exactly the same thing.

MR. INMAN: I said, your Honor, that the clothing of the Defendant is available and could be brought if it was wanted.

MR. BLOOM: That is wholly objectionable; wholly without—Your Honor, I want to make a motion outside the presence of the Jury.

THE COURT: Your objection is noted of record and I don't want any more talk about the clothing. It's not been admitted into evidence and it is not to be discussed.

MR. BLOOM: I want to make a motion outside the presence of the Jury.

THE COURT: You may do so when we finish."

This exchange is the basis of the defendant's appeal from the circuit court, and it is the extent of the closing arguments which appear in the record since both parties waived transcription of closing arguments. Although a tape recording was made and is the source for the above partial transcription, which was done at the instigation of the defendant, it was lost subsequent to the transcription. Apparently neither of the parties is responsible for the loss.

At the threshold, the State contends that the defendant waived consideration of the issue of prejudicial closing argument by joining in a waiver of transcription of the arguments, and that the record on appeal provided an insufficient basis for the appellate court to find reversible error. The State relies on *People v. Smith* (1969), 42 Ill. 2d 479, 483, which held that the "responsibility for the proper preservation of the record of the proceedings before the trial court rests upon the defendant." We agree that such responsibility falls on an appellant. Our disposition of this issue, which the appellate court did not address, obviates the necessity of resolving the question of improper and prejudicial closing arguments.

The rationale for the *Smith* holding is clear. For an

assignment of error, the record must show the error; hence, the record must be preserved for an adequate assessment on appeal. This is so because, on review, "the reviewing court is restricted in its examination to the record." (*People v. Shoffner* (1948), 400 Ill. 174, 177.) A reviewing court may not guess at the harm to an appellant or hypothesize about the context in which allegedly prejudicial remarks were made where a record is incomplete. This is not its role. Rather the reviewing court evaluates the record, as it is, for error. Where the record is insufficient or does not demonstrate the alleged error, the reviewing court must refrain from supposition and decide accordingly. This court has consistently held that way. *E.g., People v. Weisman* (1920), 296 Ill. 156, 162-63; *People v. Lynn* (1944), 387 Ill. 549, 554-55; *People v. Walden* (1961), 21 Ill. 2d 164, 168. Accord, *e.g., People v. Johnson* (1976), 43 Ill. App. 3d 649, 655-56.

The defendant in *Smith* maintained that the prosecution had made improper remarks in its final arguments, but he failed to specify those remarks and justified the absence of specification on the ground that the court reporter did not report the closing arguments. The defendant contended that the lack of recorded arguments precluded him from demonstrating their prejudicial nature so that his conviction for burglary should have been reversed. This court rejected that contention. Defense counsel had made no request to record the arguments, and the defendant had not been prejudiced since Rules 323(c) and 612(c) provide for the reconstruction of trial proceedings (58 Ill. 2d Rules 323, 612). Accord, *People v. Kasdictus* (1972), 51 Ill. 2d 72.

In the instant case, the defendant simply did not sufficiently preserve the record. Initially, he joined in a waiver of transcription of closing arguments. Once the allegedly improper remarks were made and objections to them sustained, the defendant moved for mistrial and had

the court reporter transcribe, from a tape recording, not the whole of closing arguments but only the portion relating to the remarks in question and defense counsel's objections to them, and a paragraph from defense counsel's arguments. Nothing else. Subsequently the tape recording was lost. Over a year and a half later the defendant's motion to file "late Bystander's Report" was allowed. The defendant claims, and the State does not deny, that he made "an effort to obtain a bystander's report *** but was unsuccessful." The partial transcription may be accurate as far as it goes, but it just does not show enough. There may have been other relevant statements; there may not have been. However, the context in which the exchange, recorded in the partial transcript, occurred is absent. Since the partial transcript was made pursuant to his motion for mistrial, it is not unreasonable to believe the defendant might have recorded only those portions beneficial to him.

In *People v. Nastasio* (1963), 30 Ill. 2d 51, in which the defendant was convicted by a jury of attempting to escape from jail, the defendant argued that prejudicial error had occurred in the State's Attorney's closing arguments. This court ruled that his conviction should not be reversed because the "record here does not contain the complete closing argument of the State's Attorney, and therefore fails to disclose in what connection the remarks of the State's Attorney were used." (30 Ill. 2d 51, 59; see *People v. Brown* (1954), 3 Ill. 2d 623; *People v. Randolph* (1949), 403 Ill. 434.) We believe the facts of this case resemble that one. Given the insufficient record, we believe there is a presumption in favor of the circuit court's ruling.

Therefore, we hold that where the defendant has waived transcription of closing arguments, has only partially preserved the record apropos of prejudicial closing arguments, and has not filed a bystander's report, the

defendant has not properly preserved the record for appeal. Hence we reverse the appellate court and affirm the judgment of the circuit court.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.

MR. JUSTICE GOLDENHERSH, dissenting:

I dissent. The appellate court correctly decided this case and I would affirm its judgment.

The majority bases the reversal on the failure of the defendant to provide the transcript of the closing arguments. It is apparent from the portions of the argument quoted in the opinion, the accuracy of which is not questioned, that prejudicial error occurred. If the People contend that for some reason some portion of the argument not reproduced excused the prejudicial and unwarranted comments made by the prosecution, it was incumbent upon the People to produce, by the method provided in Rule 323(c) (58 Ill. 2d R. 323(c)), that portion of the argument upon which it relies. The effect of the majority opinion is to shift to the defendant a burden which was clearly that of the People.