THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY NORWOOD, Defendant-Appellant.

First District (1st Division)    No. 79-1480

Opinion filed September 8, 1980.

Ralph Ruebner and Rafael Schwimmer, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Kathleen Warnick, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Larry Norwood (defendant) was charged by information with attempt murder (Ill. Rev. Stat. 1977, ch. 38, par. 8—4) and with two counts of aggravated battery (pars. 12—4(a), 12—4(b)(1)). After trial by jury he was found guilty of aggravated battery and sentenced to two years. He appeals.

In this court, defendant contends the prosecutor referred, in cross-examination and in argument to the jury, to two discrepancies between the exculpatory testimony of defendant at trial and oral statements made by defendant to investigating officers. A brief summary of the testimony is sufficient.

On October 10, 1977, about 8 p.m., members of two rival gangs had a confrontation. The complainant testified he walked out of a dry cleaning establishment in the vicinity and was shot on the right side of his jaw.

There is eyewitness testimony that defendant had possession of a gun and shot the complainant. There is testimony by defendant and another witness that the complainant accosted defendant. He)then moved toward defendant in an apparent attempt to take defendant's gun. Defendant also testified he turned his head, an unknown person hit his hand, and the gun discharged.

Police Officer Jerrol Meriweather testified he was driving in the vicinity. He saw about 12 men on the corner. He heard a shot and saw a man fall against the building. He followed six fleeing men. They entered an apartment and hid. The officer entered the apartment, found the gun and took defendant into custody. After *Miranda* warnings the defendant said, "I shot him" and acknowledged the gun was his.

Police Officer John Byrne advised defendant of his *Miranda* rights at the police station. Defendant told the officer he shot the complainant "because he was afraid of being physically attacked by the victim and his friends. He also stated that he had found the gun that he had used." On cross-examination the prosecutor asked defendant if he told the police his gun went off accidentally. Defendant responded that he did not tell the police "anything other than the gun was mine." Defendant also testified he did not tell the police he shot the victim. Defendant added evidently the police were in error if they thought that he had so stated. In final argument the prosecutor reminded the jury of the contrast between the testimony of defendant and the testimony of the police officers regarding the statements made by defendant while in custody.

Defendant contends these facts bring the matter within *Doyle v. Ohio* (1976), 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240. In our opinion, the law is to the contrary.

In *Anderson v. Charles* (1980), ___ U.S. ___, 65 L. Ed. 2d 222, 100 S. Ct. 2180, the United States Supreme Court pointed out that *Doyle* held impeachment of a defendant because of his exercise of his right to remain silent pursuant to *Miranda* warnings is impermissible. However, the court then contrasted the use against a defendant of silence as compared to the use on cross-examination of prior inconsistent statements after *Miranda* warnings. The court held:

> "*Doyle* bars the use against a criminal defendant of silence maintained after receipt of governmental assurances. But *Doyle* does not apply to cross-examination that merely inquires into prior inconsistent statements. Such questioning makes no unfair use of silence, because a defendant who voluntarily speaks after receiving *Miranda* warnings has not been induced to remain silent. As to the subject matter of his statements, the defendant has not remained silent at all. [Citations.]"

Earlier decisions by the Supreme Court of Illinois have made this

principle the law of this State. In *People v. Rehbein* (1978), 74 Ill. 2d 435, 386 N.E.2d 39, *cert. denied* (1979), 61 L. Ed. 2d 287, 99 S. Ct. 2843, 442 U.S. 919, the defendant told a police officer he had been home all night and his automobile was inoperable. At trial the defendant gave contradicting testimony. The court held (74 Ill. 2d 435, 439):

"The parties in this court have referred to the prosecutor's conduct as a comment on silence. In the sense that reference was made to the fact that the defendant had not previously told the officers the story he told on the witness stand, it is a comment on silence, but to the extent his testimony conflicts with what he told the officer, the cross-examination did not amount to a comment on silence."

Similar statements were made by the court in its commentary on *Rehbein* in *People v. Beller* (1979), 74 Ill. 2d 514, 522-24, 386 N.E.2d 857. This court has heretofore reached a similar result in *People v. Hinson* (1979), 70 N.E.2d 880, 886, 388 N.E.2d 899, *appeal denied* (1979), 79 Ill. 2d 614.

■■ It follows the cross-examination of the defendant and use of this material in final argument were legally proper.

■■ Defendant also relies upon prosecutorial misconduct. In final argument the State's Attorney suggested that the jury feel how much pressure was required to shoot the gun in question. We reject this contention for several reasons. No objection was made by defendant to this comment during final argument. Accordingly any possible error is deemed waived. (*People v. King* (1977), 66 Ill. 2d 551, 559, 363 N.E.2d 838.) Defendant did not raise this point in his motion for new trial. This is an additional ground for waiver. (*People v. Edwards* (1978), 74 Ill. 2d 1, 4, 383 N.E.2d 944.) Finally, the evidence of guilt is quite overwhelming. Consequently no substantial prejudice could have resulted to defendant from this argument. *People v. Baptist* (1979), 76 Ill. 2d 19, 29, 389 N.E.2d 1200.

The judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.